**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re Application of AHMAD NASSAR,** | ) ) ) | **No. 26 C 9964** |
| | ) | **Magistrate Judge M. David Weisman** |
| **Applicant.** | ) | |

**ORDER**

Ahmad Nassar asks the Court to grant his application for an order pursuant to 28 U.S.C. § 1782 seeking leave to obtain discovery for use in foreign proceedings. "Mr. Nassar seeks discovery for (1) a lawsuit in Ireland against the person(s) in Europe who anonymously used the X account @ArchaicMind3000 to publish a series of posts making false and defamatory accusations that he engaged in criminal conduct, bribery, and financial misconduct; and (2) a lawsuit in Serbia against Ognjen Varađanin, the Serbian national responsible for the Serbian marketing agency Craze & Friends that used the X account @KennyPowersA to publish a series of similar false and defamatory posts." (ECF 7-1 at 1.) "Through legal proceedings in Ireland, Mr. Nassar identified the operator of @KennyPowersA as Mr. Lambrou, . . . who registered the account using a Craze & Friends email address while employed by Craze & Friends." *Id.* Nassar has not been able to identify the person responsible for the @ArchaicMind3000 account, but he has linked Mr. Mir to both accounts. *Id.* As explained further below, both Mr. Lambrou and Mr. Mir reside in the Northern District of Illinois.

28 U.S.C. § 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

"[The statute] requires applicants to meet three threshold requirements: (1) the person or entity from whom the discovery is sought must reside or be found in the district of the court to which the application is made; (2) the discovery must be 'for use' in a proceeding before a foreign tribunal; and (3) the application must be submitted by a foreign or international tribunal or an 'interested person.'" *In re Abubakar*, 696 F. Supp. 3d 479, 492 (N.D. Ill. 2023).

The threshold requirements are met here. The two people from whom Mr. Nassar seeks discovery, Mr. Mir and Mr. Lambrou, both reside or can be found in this district. (*See* ECF 10, Ex. 4, Tibbs Decl. ¶¶ 14-15, 27-29.) Mr. Nassar intends to use the discovery he obtains to bring defamation suits against other parties in Ireland and Serbia and does not intend to intend to make Mr. Mir or Mr. Lambrou parties to either suit. (ECF 8, Nassar Decl. ¶¶ 42-44, 48.) Further, Mr. Nassar is an interested person as that term is used in the statute. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.").

Because the threshold requirements are met, the Court next considers the following four factors in determining whether to grant the application:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the discovery requested is "unduly intrusive or burdensome."

*In re Abubakar*, 696 F. Supp. 3d at 492 (quoting *Intel*, 542 U.S. at 264-65).

As mentioned previously, Mr. Nassar will not make Mr. Mir or Mr. Lambrou parties to the planned lawsuits in Ireland and Serbia, so he cannot obtain discovery materials from them through those suits. Mr. Nassar believes the evidence he obtains from Mr. Mir and Mr. Lambrou "may establish both that the accusations in the Posts were false and that the persons who published them knew or had reason to know that they were false." (ECF 12, Ristić Decl. ¶ 16.) Aleksandar Ristić, an attorney in Serbia, attests that "[he is] not aware of any authority, rule, practice, or policy of the Serbian courts that would cause them to refuse or to be unreceptive to evidence obtained in a legal procedure pursued before a United States court under 28 U.S.C. § 1782, and [he is] aware of no reason why the Serbian courts would not be receptive to the evidence sought in the Application." (*Id.* ¶ 21.) He further states that Serbian courts routinely receive admissible evidence taken outside the jurisdiction, and Serbia is a signatory to the 1970 Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. (*Id.* ¶ 22.) Phil Hartley, a solicitor of the Courts of England, Wales, and Ireland, attests that he is "not aware of any authority, rule, practice, or policy of the Irish courts that would cause them to refuse or to be unreceptive to evidence obtained from

a United States court under 28 U.S.C. § 1782, and [he is] aware of no reason why the Irish courts would not be receptive to the evidence sought in the Application." (ECF 11, Hartley Decl. ¶ 30.) He further states that "[t]he Irish courts are generally not concerned with the jurisdiction from which evidence is received, provided that it is obtained legitimately and in accordance with local and country-of-origin formalities" and "[they] routinely receive evidence and documents gathered outside the jurisdiction, including by way of 28 U.S.C. § 1782 discovery." (*Id.* ¶ 31.) Hartley also states that he is "unaware of any proof-gathering restriction or policy under Irish law or the Irish rules of court that would be circumvented by obtaining the evidence sought pursuant to 28 U.S.C. § 1782." (Id. ¶ 32.) Finally, the document requests in Mr. Nassar's § 1782 application are tailored to discover who operated, accessed or posted to the X account handle @ArchaicMind3000 or any anonymous or pseudonymous X account that was used to publish statements about Nassar and the truth or falsity of the posts. (*See* ECF 1-1, Ex. A.) Thus, the discovery sought is not unduly intrusive or burdensome.

In short, Mr. Nassar's application satisfies all of the requirements of 28 U.S.C. § 1782. Accordingly, the Court grants his application.

**SO ORDERED.** **ENTERED: September 18, 2026**

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**